IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EVANS LEE WRIGHT,

    Plaintiff,

v.                                                            CASE NO. 1:10-cv-00185-MP-GRJ

ALACHUA COUNTY SHERIFF OFFICE,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

The Court has reviewed the Second Amended Complaint[1] and concludes that it is due to be dismissed for failure to state a claim and as frivolous.

Plaintiff's previous claims have been vague. Without providing any detail Plaintiff has alleged in one or two brief sentences that he has seizures and was medically abused. (Doc. 12, at 5; Doc 15, at 5.) As a result of the lack of factual support for Plaintiff's claims, the Court advised Plaintiff twice (Docs. 14 & 17) that he must allege some detail in the facts underlying his general claim of abuse. The Court also advised Plaintiff that he must name as defendants the persons at the Alachua County Jail whom Plaintiff alleges are responsible for the denial of medical care. Plaintiff has ignored the Court's directive and again simply named the Alachua County Sheriff's Department, the

---

[1] This is actually the third amended complaint and fourth pleading filed in this cause. Plaintiff initiated the case with a letter on September 10, 2010. (Doc. 1). He then filed a form complaint on October 20, 2010, which was docketed as a First Amended Complaint (Doc. 12), and another complaint on November 8, 2010, which was docketed as another First Amended Complaint. (Doc. 15.) Finally, Plaintiff filed this "Second" Amended Complaint on December 17, 2010. (Doc. 19).

jail, and "All Staff, " as the defendants alleging in conclusory fashion that an unspecified policy "subjected [him] to cruel and unusual punishment." (Doc. 19, at 5, 7). While Plaintiff has included some specific dates, such as the date he had a "seizure episode," the date he went to the infirmary, the date his blood was drawn, and the date he requested medications, there is no explanation of the events or any connection between the dates listed by Plaintiff. Simply put, Plaintiff has failed to include any information in this brief and cryptic "history" suggesting that he was denied medical care, and if so, who allegedly denied Plaintiff medical care. As such, while Plaintiff's current amended complaint provides slightly more detail than the previous complaints, it is still grossly insufficient and fails to even come close to stating a claim for relief.

A court may *sua sponte* dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. The complaint's [f]actual allegations must be enough to raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); see also Cobb v. Florida, 293 Fed. Appx. 708 (11th Cir. 2008) (applying Twombly to a prisoner's *pro se* complaint brought under 42 U.S.C. §1982 and dismissed pursuant to 28 U.S.C. §1915A). "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Watts v. Florida International University, 495 F.3d 1289, 1295 (11th Cir. 2007) (*quoting* Twombly, 127 S.Ct. at 1965). This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the required element. Twombly, at 1965. In reviewing the dismissal of a complaint under the 28 U.S.C. 1915A(b)(1), this court accepts

allegations in the complaint as true, and pro se pleadings are liberally construed. <u>Brown v. Johnson</u>, 387 F.3d 1344, 1350 (11th Cir.2004).

Despite several opportunities, Plaintiff has failed to provide any facts supporting a cognizable claim under 42 U.S.C. § 1983. And even though Plaintiff was advised to do so Plaintiff has not even named any individual defendants. More notably, Plaintiff has failed to identify any specific injury he has incurred and in this latest pleading fails to request any specific relief.

In light of the foregoing, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for failure to state a claim for relief and as frivolous under 28 U.S.C. §1915A.

At Gainesville, Florida, this 29th day of December, 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**